[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, C.R. Bliss Co., P.C., brings this action against the defendant, Dean Vlahos, claiming moneys due for accounting services rendered between February 19, 1991 and August 21, 1995.
It was initially brought against both the defendant, Dean Vlahos and against Call Center Solutions, Inc., returnable April 29, 1997.
The case was withdrawn as to Call Center Solutions, Inc. on April 30, 1997, leaving two counts remaining against the defendant, Dean Vlahos.
The defendant filed an answer on June 6, 1997, which included six special defenses and a counterclaim.
The counterclaim and the third special defense contend that CT Page 360 collection of the debt is barred by the provisions of the United States Bankruptcy Code, 11 U.S.C § 362(a)(6).
The defendant also alleges, by way of special defense, that he was not satisfied with the services, the fees charged were excessive, fees had been paid in full constituting an accord and satisfaction, and that the cause of action is barred by the applicable statute of limitations.
The plaintiff acknowledges that service of process was made on April 7, 1997, and that any services provided prior to April 7, 1991 are therefore barred by the statute of limitations applicable to contract actions (§ 52-576 of the Connecticut General Statutes).
Although the writ, summons and complaint was signed on April 3, 1997, the plaintiff has not sought to avail itself of the provisions of § 52-593a of the General Statutes, by demonstrating a date of delivery to one authorized to make service prior to April 7, 1997.
Trial was held on January 8, 1999 and January 12, 1999.
Charles R. Bliss, owner of C.R. Bliss Co., P.C., testified that he was a member of the firm of Greenhaus, Bliss, Riordan 
Co. during 1991.
He has been the owner of C.R. Bliss Co., P.C. for approximately five years.
All accounts concerning the defendant, Dean Vlahos, were transferred to him by Greenhaus, Bliss, Riordan Co.
Charles Bliss testified that the accounting services rendered, as described in Exhibits 1 through 12, were performed at the request of the defendant, Dean Vlahos, and that the services were not performed for U.S. Sales Corp. in its corporate capacity.
A portion of the services detailed in Exhibit 12 were performed prior to April 7, 1991, and the plaintiff withdrew any claim for those charges.
Charges claimed based upon Exhibits 1 through 12 are:
CT Page 361
Exhibit 1 $ 250.00
Exhibit 2 775.00
Exhibit 3 250.00
Exhibit 4 205.00
Exhibit 5 284.00
Exhibit 6 800.00
Exhibit 7 1,100.00
Exhibit 8 950.00
Exhibit 9 1,000.00
Exhibit 10 2,950.00
Exhibit 11 1,075.00
*Exhibit 12 1,400.00
TOTAL $ 11,039.00
* Services after April 7, 1991 per Charles Bliss.
Charles Bliss testified that all of the amounts shown remain unpaid.
The defendant claims that the services detailed on Exhibits 1 through 12 were not performed at his request, but at the request of and for the benefit of U.S. Sales Corp.
U.S. Sales Corp., of which the defendant, Dean Vlahos was the president and sole shareholder, filed a voluntary bankruptcy petition (Exhibits G and H).
The defendant presented testimony from Stephen Martino, an accountant formerly employed by Greenhaus, Bliss Riordan, Co., and currently performing work for the defendant, Dean Vlahos.
Although Mr. Martino performed work on the U.S. Sales Corp. account, he was not responsible for the allocation of bills, or CT Page 362 for making decisions regarding the person to whom bills were allocated.
Those allocation decisions were made by Charles Bliss.
Although the defendant testified that work was performed for U.S. Sales Corp., and claims were made in bankruptcy court, that testimony does not absolve him of responsibility for his individual debts.
The court finds the testimony of Charles Bliss credible concerning the value of the work performed, and the fact that it was work performed at the request of the defendant, Dean Vlahos, in his individual capacity.
IT IS FOUND that the accounting services were performed at the request of the defendant, Dean Vlahos, individually, and not at the request of the U.S. Sales Corp.
IT IS FOUND that the services described in Exhibits 1 through 12 remain unpaid, and are due and owing to the plaintiff, C.R. Bliss Co., P.C.
IT IS FOUND, notwithstanding the plaintiff's claim of 1 percent interest per month on the unpaid balance, that such interest is not recoverable, in that no written agreement between the parties provides for interest payments.
IT IS FOUND that the defendant, Dean Vlahos, wrongfully detained moneys due and owing to the plaintiff, C.R. Bliss Co., P.C., despite repeated demands for payment.
IT IS FOUND that the date on which the wrongful detention of money began was September 30, 1993 (Exhibit 1).
IT IS FOUND that the plaintiff shall recover interest at the rate of 10 percent per year, from September 30, 1993, pursuant to § 37-3a of the Connecticut General Statutes. Blakeslee v.Arpaia Chapman, Inc. v. EI Constructors, Inc., 239 Conn. 708, 735
(1997).
IT IS FOUND that the collection of these moneys does not violate 11 U.S.C. § 362(a)(6), in that the debt is that of the defendant, Dean Vlahos, individually, and not that of U.S. Sales Corp., the entity which was the subject of the bankruptcy CT Page 363 proceedings.
Judgment may enter in favor of the plaintiff, C.R. Bliss 
Co., P.C., in the amount of $11,039, plus compensatory interest pursuant to § 37-3a of the Connecticut General Statutes, at the rate of 10 percent per year, from September 30, 1993.
The plaintiff shall recover costs of this action.
Judgment may enter in favor of the plaintiff, C.R. Bliss 
Co., P.C., on the counterclaim filed by the defendant, Dean Vlahos.
Radcliffe, J.